Filed 3/11/26  In re N.R. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re N.R., a Person Coming Under the Juvenile Court Law. | B337391 |
| _____ | (Los Angeles County Super. Ct. No. 22CCJP01162) |
| A.M., | |
| Respondent, | |
| v. | |
| R.R., | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Dismissed.

Jesse Frederic Rodriguez, under appointment by the Court of Appeal, and Giselle Marie Achecar for Appellant.

Jack A. Love, under appointment by the Court of Appeal, for Respondent.

_____

R.R. (Father) appeals from a restraining order under section 213.5 of the Welfare and Institutions Code[1] after the juvenile court authorized A.M. (Mother) to serve the temporary restraining order by mail in lieu of personally serving Father. He contends there was no substantial evidence to support the court's conclusion that Father was evading service such that an alternative means of service was permissible under Family Code section 6340, subdivision (a)(2)(A). Because R.R. did not appeal from an appealable order, we lack jurisdiction. Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Original Proceedings in Dependency Court*

In February 2022 the Los Angeles County Department of Children and Family Services (Department) received a referral regarding N.R. after her birth. The Department filed a petition under section 300, subdivisions (a) and (b)(1). During the initial hearing, the court detained N.R. from Father and released her to Mother's care.

At the August 2022 jurisdiction and disposition hearing, Father appeared remotely. The court sustained the petition as amended by interlineation, finding the parents had a history of domestic violence, including while Mother was pregnant with N.R.; Father failed to protect N.R. from Mother's substance abuse; Mother had a history of mental and emotional problems; Father had a periodic history of substance abuse; and Father had a history of mental and emotional problems, including a

---

[1]    Statutory references are to the Welfare and Institutions Code unless otherwise noted.

2

diagnosis of bipolar disorder. The court ordered Father to attend a batterer's intervention program and both parents to attend counseling and a drug and alcohol program with testing, among other programs.

Father subsequently appeared at three hearings in November 2022, February 2023, and August 2023.

B.  *Mother's Request for a Restraining Order and Attempts at Service*

In early December 2023 Mother requested a restraining order to protect herself and N.R., alleging that Father had recently punched, kicked, spit on, and dragged her by the hair, leaving lacerations and bruises that required medical attention. Mother indicated she had provided notice of the ex parte request for a restraining order to Father's counsel. At the hearing several days later, Father's counsel stated she had not been able to reach Father that morning and generally objected to the issuance of a temporary restraining order (TRO) because she had not "been able to discuss the situation" with Father. The court issued a TRO and set a hearing date on the permanent restraining order for December 19. The court ordered Mother to serve the TRO on Father.

That same month a process server from CalServe made three unsuccessful attempts to serve Father with the TRO at his housing at a shelter on 8th Street in San Pedro. The server noted that Father was a day laborer with no set schedule and Father never called the phone number the server left for him.

Father did not appear at the December 19 hearing. Mother requested more time to serve him. Father's counsel did not object to the reissuance of the TRO and the court continued the hearing

until January 2024.  In January, Mother again requested to continue the hearing to serve Father, and the court reissued the TRO and continued the hearing until later that month.

Also in January 2024, the Department filed a section 342 petition based on the additional domestic violence incident in November 2023 in the presence of N.R.  At the initial hearing on that petition, Father was again absent, and his counsel stated he was unable to get in contact with Father and requested a continuance so he could be present.  Over Father's counsel's objection, the court reissued the TRO and continued the hearing.

The Department's February 2024 report indicated that Father advised the Department on February 13, 2024 that he was still living at the shelter on 8th Street in San Pedro.  The Department interviewed him at that location.

In February 2024 the court sustained the section 342 petition and ordered reunification services for both parents.  Father appeared at the hearing remotely.  His counsel confirmed Father was living at the shelter.  Mother's attorney requested that Father's counsel accept service of the TRO on Father's behalf.  She stated, "Like the court said, we've been unable to serve [Father] at this time.  The shelter he's purportedly staying in cannot confirm or deny that he stays there."  In response, Father's counsel stated, "I would just ask that [t]he father be served personally.  I cannot accept service."  The court ordered personal service but stated Mother could request alternative service means if Father appeared to be evading Mother's attempts to serve him.  The court continued the hearing until March 2024.

At Mother's request, the court again continued the hearing in March and April to allow Mother more time for service.  In

4

April 2024 CalServe tried twice to serve Father at the shelter. The notes from the first attempt state, "Will not provide any information, stated only way is to leave a call back #, will have [Father] call if he is currently at the address." The notes from the second attempt state, "no returned call, return unserved."

At the continued hearing later in April 2024 Mother's attorney again asked the court to authorize service on Father's attorney or to require Father to appear so he could be served in court. Mother's attorney represented there had been approximately six unsuccessful attempts at personal service. The court directed Mother to submit an offer of proof that Father was evading service and continued the hearing until May.

C. *Mother's Motion for Alternative Service and the Court's Order Permitting Service by Mail*

In May 2024 Mother moved for permission to serve Father with the restraining order by mail. She argued Father had appeared remotely at the February 2024 hearing—when the TRO was continued—and was aware of the proceedings. Despite his awareness, subsequent attempts to personally serve him were unsuccessful and there was reason to believe that Father was evading service. The motion attached a report from CalServe, which stated, "After due search, careful inquiry and diligent attempts at the [shelter on 8th Street in San Pedro], we have been unable to effect service of said process. . . . Interim housing . . . will not provide any information [and] stated [the] only way is to leave a call back#. . . . [Interim housing] will have [Father] call if he is currently at the address. . . . No returned call, return unserved." (Capitalization omitted.) Mother contended, "Father is unquestionably aware that Mother is attempting to serve him,

5

but he has frustrated those efforts by failing to appear in court and contact CalServe.  This constitutes evasion of service sufficient that the Court may permit alternative methods of service.  Given that Father's address is known, service by first-class mail is reasonably calculated to provide notice to him of the proceedings."

At the continued hearing the same month Father again failed to appear.  His counsel opposed the motion, arguing there was no evidence Father was intentionally avoiding service.  He suggested Father might be in an inpatient program without access to his phone, might not understand that personal service was required, and might not even be aware that the TRO remained active.  Mother's counsel reiterated that Father had been informed of the TRO in February.  She emphasized that Father failed to appear for any court dates afterwards, that he had made no effort to appear or respond to the process server, and that his shelter refused to confirm his presence.

On May 6, 2024, the court granted the motion, authorizing service by first-class mail and by serving Father's attorney.  It found that Father had been aware of the restraining order since February, multiple service attempts had failed, his program would not cooperate with service, and Father's attorney was in a position to inform him of the restraining order hearing.

Father appealed.  His notice of appeal lists his address as the shelter on 8th Street.

On June 6, 2024, at the restraining order hearing, the court found the TRO had been properly served on Father, based on the proof of service by certified mail to Father at the 8th Street

6

address as well as to Father's counsel.[2]  The court granted a three-year restraining order.  Father did not appeal from the restraining order.

## DISCUSSION

A.    *Applicable Law and Father's Contention on Appeal*
       "Under section 213.5, and as pertinent here, a juvenile court has the authority to issue a restraining order lasting up to three years that protects . . . 'any parent . . . of the [dependent] child' from harassment by a parent.  (§ 213.5, subds. (a) & (d); see Cal. Rules of Court, rule 5.630(a).)"  (*In re Lilianna C.* (2024) 99 Cal.App.5th 638, 643-644.)  While the court may issue a TRO without notice or a hearing, and the TRO can then remain in effect for up to 25 days (§ 213.5, subd. (c)(1)), permanent restraining orders are issued only "upon notice and a hearing" (*id.*, subd. (d)(1)).  An application for a restraining order must be made "in the manner provided by Section 527 of the Code of Civil Procedure or, if related to domestic violence, in the manner provided by Section 6300 of the Family Code."  (*Id.*, subd. (a).)

       Because the order here relates to domestic violence, the Family Code governs.  Family Code section 6340 specifies, "If at the time of a hearing with respect to an order issued pursuant to this part based on an ex parte temporary restraining order, the court determines that, after diligent effort, the petitioner has been unable to accomplish personal service, and that there is reason to believe that the restrained party is evading service, the

---

[2]    We augment the record on our own motion to include the proof of certified mail to both Father and his counsel that were submitted with the request to issue the restraining order.

7

court may permit an alternative method of service designed to give reasonable notice of the action to the respondent." (Fam. Code, § 6340, subd. (a)(2)(A).) Alternative methods of service include "[s]ervice by first-class mail sent to the respondent at the most current address for the respondent that is available to the court or delivering a copy of the pleadings and orders at the respondent's home or place of employment." (*Id.*, subd. (a)(2)(A)(ii).)

Father does not argue that Mother failed to make a "diligent effort" to personally serve him. (Fam. Code, § 6340, subd. (a)(2)(A).) CalServe attempted service at Father's known residence at least five times between December 2023 and April 2024. (See *Yu v. Pozniak-Rice* (2025) 112 Cal.App.5th 1135, 1145 ["To be sure, six attempts at personal service shows persistence."]; *Rios v. Singh* (2021) 65 Cal.App.5th 871, 877, 881 [reasonable diligence established where plaintiff hired two private investigators "to locate and serve" the defendant and they made "numerous" attempts (i.e., four attempts over three days) to effectuate service]; *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750 [" 'Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as " 'reasonable diligence.' " ' "].)

Father also does not challenge that the alternative method of service authorized by the court—service by mail on Father at his shelter on 8th Street, as well as mail service on his counsel—was "designed to give reasonable notice of the action to the respondent." (Fam. Code, § 6340, subd. (a)(2)(A).) Further, Father does not suggest he did not receive the TRO or notice of the restraining order hearing. (Cf. *Yu v. Pozniak-Rice*, *supra*, 112 Cal.App.5th at p. 1141 [restrained party asserted in motion

to vacate restraining order that he never received actual notice as a result of alternative means of service ordered].)

Father's sole basis for challenging the order granting Mother's request to serve him by alternative means is that there was no "reason to believe that the restrained party [was] evading service" of the TRO. (Fam. Code, § 6340, subd. (a)(2)(A).) He argues "it was not reasonable to infer from Father's conduct, his lack of cooperation, or the circumstances" that he was evading service.

B. *We Lack Jurisdiction To Hear Father's Appeal*

Father's notice of appeal states he challenges "[a]ll findings and orders made by the Court against Father" on May 6, 2024, the date the court authorized service by mail of the re-issued TRO.[3] Father did not appeal from the permanent restraining order issued one month later, on June 6, 2024. We requested and received from the parties supplemental briefing on whether the May 6, 2024 order authorizing service by mail is appealable. We conclude it is not.

The order granting Mother permission to serve Father by alternative means under Family Code section 6340, subdivision (a)(2)(A), did not render Father "aggrieved" for purposes of appeal. (See *In re T.G.* (2010) 188 Cal.App.4th 687, 692

---

[3] Father's opening brief states his appeal is from the order granting a "temporary restraining order." However, any appeal from the TRO granted in December 2023 and then re-issued multiple times, including on May 6, 2024, is moot because that order was superseded by the permanent restraining order issued on June 6, 2024. (See *In re L.W.* (2020) 44 Cal.App.5th 44, 47, fn. 2.)

9

[" 'Generally, a parent who is aggrieved by an order after judgment in a juvenile dependency proceeding may take an appeal from that order. [Citation.] "To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy this requirement." ' "].) Father was not aggrieved until the court subsequently issued the restraining order based on its determination that Mother had properly served Father by alternative means. While Father acknowledges that generally "[t]he issuance of the restraining order, rather than the procedural order regarding service, is the point at which [the restrained party's] substantive rights are affected, potentially making them an 'aggrieved' party with standing to appeal," he nonetheless argues that we may hear the appeal because his due process rights to notice of the proceedings were affected by the juvenile court's ruling that he could be served by alternative means. Although Father had a due process right to proper notice before the restraining order issued (see In re *Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, 935; Fam. Code, § 6340, subd. (a)(1) [court may issue restraining order only after notice is given]), no harm flowed from any possible due process violation until the court actually issued the restraining order. To challenge a ruling permitting notice by alternative means under Family Code section 6340, subdivision (a)(2)(A), a party must appeal from the restraining order.[4] Father did not do so.

---

[4] We need not determine whether a party could properly file a writ petition challenging the order permitting service by alternative means, if a restraining order has not yet issued.

10

## DISPOSITION

The appeal is dismissed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.